upon his plea of guilty, of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [3]), defendant contends that County Court failed to engage in an adequate colloquy to ensure that his waiver of the right to appeal was knowing and voluntary (*see generally People v McQuiller*, 19 AD3d 1043, 1044 [2005], *lv denied* 5 NY3d 808 [2005]; *People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]). Even assuming, arguendo, that the waiver by defendant of the right to appeal is invalid and thus does not encompass his challenge to the court's refusal to adjudicate him a youthful offender, we nevertheless reject that challenge (*see* CPL 720.20 [1] [a]; *People v McDaniels*, 19 AD3d 1071, 1072 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Potter*, 13 AD3d 1191 [2004], *lv denied* 4 NY3d 889 [2005]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIAMOND P. BUSSEY, Appellant. [853 NYS2d 518]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE J. CARITHERS, Appellant. [853 NYS2d 518]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK A. JONES, Appellant. (Appeal No. 1.) [852 NYS2d 905]—

Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK A. JONES, Appellant. (Appeal No. 2.) [852 NYS2d 905]—